Michael Newdow, *pro hac vice* status pending
PO Box 233345
Sacramento, CA 95823
(916) 427-6669

Rosanna Fox, NH SBN: 17693
O'Brien Law Firm P.C.
One Sundial Avenue, Fifth Floor
Manchester, NH 03103
(603) 627-3800

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Civil Action No.  1:07-cv-356-JM

THE FREEDOM FROM RELIGION FOUNDATION;
JAN DOE AND PAT DOE, PARENTS; DOECHILD-1, DOECHILD-2 and
DOECHILD-3, MINOR CHILDREN;

Plaintiffs,

v.

THE CONGRESS OF THE UNITED STATES OF AMERICA;
THE UNITED STATES OF AMERICA;
THE HANOVER SCHOOL DISTRICT ("HSD");
THE DRESDEN SCHOOL DISTRICT ("DSD");
SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70");

Defendants.

---

## ORIGINAL COMPLAINT

---

Plaintiffs allege as follows:

# TABLE OF CONTENTS

JURISDICTION AND VENUE.................................................................................1

PARTIES ..............................................................................................................2

RELEVANT LAW ...................................................................................................4

    A. CONSTITUTIONAL PROVISIONS .......................................................4

    B. STATUTES ..............................................................................................5

CLAIM FOR RELIEF ............................................................................................7

PRAYER FOR RELIEF.........................................................................................19

1                          **JURISDICTION AND VENUE**

2   1. This is a civil action claiming (among others) violations of the First, Fifth and

3      Fourteenth Amendments of the Constitution of the United States of America.

4      As such, this Court has jurisdiction under 28 U.S.C. § 1331.

5   2. This is a civil action claiming violations of 42 U.S.C. §§ 2000bb et seq.

6      (Religious Freedom Restoration Act (RFRA)). As such, this Court has

7      jurisdiction under 42 U.S.C. §§ 2000bb-1(c) and 28 U.S.C. § 1331.

8   3. This action is founded in part upon the Constitution of the Unites States of

9      America.  As such, this Court has jurisdiction over Defendant United States of

10     America under 28 U.S.C. § 1346(a)(2).

11  4. This action is in the nature of mandamus, and seeks to compel the Congress of

12     the United States of America, the United States of America, its agents and its

13     officers to perform their duties owed Plaintiffs under the terms of the First and

14     Fifth Amendments of the Constitution of the United States and under 42 U.S.C.

15     § 2000bb et seq. As such, this Court has jurisdiction under 28 U.S.C. § 1361.

16  5. This action alleges that Defendants Hanover School District ("HSD"), Dresden

17     School District ("DSD"), and  School Administrative Unit 70 ("SAU #70") have

18     deprived and/or will deprive Plaintiffs of rights secured by the First, Fifth and

19     Fourteenth Amendments to the Constitution of the United States of America. As

1    such, this Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §

2    1343 (3).

3    6. Defendants the Congress of the United States of America and the United States

4    of America are each an officer or employee of the United States, an agency of

5    the United States, or the United States.  All Plaintiffs reside in this judicial

6    district.  Venue is therefore proper under 28 U.S.C. § 1391 (e)(1) and §

7    1391(e)(3).

8    7. A substantial part of the events or omissions giving rise to this claim occurred,

9    occur or will occur in the District of New Hampshire.  Venue is therefore proper

10   under 28 U.S.C. § 1391(b)(2) and § 1391(e)(2).

11   8. Defendants Hanover School District ("HSD"), Dresden School District

12   ("DSD"), and  School Administrative Unit 70 ("SAU #70") reside in New

13   Hampshire.  Venue is therefore proper under 28 U.S.C. § 1391(b)(3).

14

15                                **PARTIES**

16   9. Plaintiff Freedom From Religion Foundation (FFRF) is a national association

17   of freethinkers (atheists and agnostics), established as a 501(c)(3) educational

18   group in 1978, which works to keep church and state separate. The Foundation,

19   based in Madison, Wisconsin, has members in every state, including New

20   Hampshire. Current total membership is approximately 11,000, of which

**2**

1  approximately 60 are from New Hampshire. Members of FFRF – in addition to

2  plaintiffs Doe – live in, pay taxes in, and have children (or are children) who

3  attend public schools in this judicial district. Those other (non-Doe) members

4  suffer the same or similar harms as alleged in this Complaint.

5  10. Plaintiffs Jan Doe and Pat Doe are residents and citizens of the United States,

6  of the State of New Hampshire and of Hanover, New Hampshire. They own

7  property situated in Hanover, New Hampshire. Accordingly, they pay taxes that

8  are used to fund HSD, DSD, SAU #70 and their schools. They are the parents

9  of DoeChild-1, DoeChild-2 and DoeChild-3, with full legal custody of those

10  children.

11  11. Plaintiffs DoeChild-1, DoeChild-2 and DoeChild-3 are residents and citizens of

12  the United States, of the State of New Hampshire, and of Hanover, New

13  Hampshire. All three of these DoeChildren are currently enrolled in one of the

14  HSD's schools, and will subsequently attend one or more of DSD's/SAU #70's

15  schools. The three DoeChildren are all siblings and children of Jan and Pat

16  Doe.

17  12. Defendant the Congress of the United States of America is the branch of

18  government in which all legislative Powers are granted under Article I, Section

19  1 of the United States Constitution.

**3**

1    13. Defendant the United States of America is the constitutionally established

2        government of the United States of America.

3    14. Defendant the Hanover School District ("HSD") is the governing body

4        responsible for operating, controlling and supervising free public elementary

5        schools in Hanover, New Hampshire.

6    15. Defendants Dresden School District ("DSD") and School Administrative Unit

7        70 ("SAU #70") are the two governing bodies responsible for operating,

8        controlling and supervising free public middle and high schools in Hanover,

9        New Hampshire.

10

11

12                              **RELEVANT LAW**

13        **A. CONSTITUTIONAL PROVISIONS**

14    16. The First Amendment to the Constitution of the United States of America

15        states, in pertinent part, that "Congress shall make no law respecting an

16        establishment of religion or prohibiting the free exercise thereof. …"

17    17. The Fifth Amendment to the Constitution of the United States of America

18        states, in pertinent part, that "No person shall be … deprived of life, liberty, or

19        property, without due process of law." The Supreme Court has read an Equal

**4**

1    Protection component into this Due Process Clause. <u>Adarand Constructors, Inc.</u>

2    <u>v. Mineta</u>, 534 U.S. 103, 105 (2001).

3    18. The Fourteenth Amendment to the Constitution of the United States of America

4    states, in pertinent part, that:

5        No State shall make or enforce any law which shall
6        abridge the privileges or immunities of citizens of the
7        United States; nor shall any State deprive any person of
8        life, liberty, or property, without due process of law; nor
9        deny to any person within its jurisdiction the equal
10       protection of the laws.[1]
11
12   19. Article 6 (Morality and Piety) of the New Hampshire Constitution provides, in

13   pertinent part:

14       [N]o person shall ever be compelled to pay towards the
15       support of the schools of any sect or denomination. And
16       every person, denomination or sect shall be equally under
17       the protection of the law; and no subordination of any one
18       sect, denomination or persuasion to another shall ever be
19       established.
20
21
22   **B. STATUTES**

23   20. Pursuant to 4 U.S.C. § 4, the Pledge of Allegiance to the Flag of the United

24   States of America reads:

---

[1] By way of the Fourteenth Amendment, the States are subject to the First Amendment of the Constitution. "The First Amendment declares that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. The Fourteenth Amendment has rendered the legislatures of the states as incompetent as Congress to enact such laws." <u>Cantwell v. Connecticut</u>, 310 U.S. 296, 303-304 (1940).

**5**

1  I pledge allegiance to the flag of the United States of
2  America, and to the Republic for which it stands, one
3  Nation under God, indivisible, with liberty and justice for
4  all.
5
6  21. 42 U.S.C. §§ 2000bb et seq. (Religious Freedom Restoration Act (RFRA))

7  states, in pertinent parts:

8  § 2000bb(a)(3): "The Congress finds that governments
9  should not substantially burden religious exercise
10  without compelling justification."
11  § 2000bb(b)(1) and (b)(2): "The purposes of this chapter
12  are to restore the compelling interest test … and to
13  guarantee its application in all cases where free
14  exercise of religion is substantially burdened; and
15  to provide a claim or defense to persons whose
16  religious exercise is substantially burdened by
17  government."
18  § 2000bb-1(b)(1) and (b)(2): "Government may
19  substantially burden a person's exercise of religion
20  only if it demonstrates that application of the
21  burden to the person is in furtherance of a
22  compelling governmental interest; and is the least
23  restrictive means of furthering that compelling
24  governmental interest."
25  § 2000bb-2(4):  "[T]he term "exercise of religion"
26  [includes any exercise of religion, whether or not
27  compelled by, or central to, a system of religious
28  belief."]
29  § 2000bb-3(a):  "This chapter applies to all Federal law,
30  and the implementation of that law, whether
31  statutory or otherwise, and whether adopted before
32  or after November 16, 1993."
33  § 2000bb-3(c):  "Nothing in this chapter shall be
34  construed to authorize any government to burden
35  any religious belief."
36
37
38

**6**

22. RSA § 194:15-c (New Hampshire School Patriot Act) states:

    I. As a continuation of the policy of teaching our country's history to the elementary and secondary pupils of this state, this section shall be known as the New Hampshire School Patriot Act.

    II. A school district shall authorize a period of time during the school day for the recitation of the pledge of allegiance. Pupil participation in the recitation of the pledge of allegiance shall be voluntary.

    III. Pupils not participating in the recitation of the pledge of allegiance may silently stand or remain seated but shall be required to respect the rights of those pupils electing to participate. If this paragraph shall be declared to be unconstitutional or otherwise invalid, the remaining paragraphs in this section shall not be affected, and shall continue in full force and effect.

23. RSA § 169-D:23 (Religious Preference) states (in pertinent part):

    No child under the supervision of any state institution shall be denied the free exercise of his religion or that of his parents.

## CLAIM FOR RELIEF

24. Plaintiff FFRF represents its members, including others besides the Does, who suffer the same or similar injuries that the Doe Plaintiffs endure (as listed in the following paragraphs).

25. Plaintiff Jan Doe is an Atheist, who denies the existence of a God.

26. Plaintiff Pat Does is agnostic, who doubts the existence of a God.

7

27. Plaintiffs Jan and Pat Doe are the parents of Plaintiffs DoeChild-1, DoeChild-2 and Doe-Child-3, who currently attend public school run by Defendant HSD.

28. The Pledge of Allegiance has been recited in the classrooms of DoeChild-1, DoeChild-2 and DoeChild-3.

29. After completing elementary school in HSD, Plaintiffs DoeChild-1, DoeChild-2 and Doe-Child-3 will attend public schools run by DSD and SAU #70.

30. The Pledge of Allegiance is recited in the classrooms of the public schools run by DSD and SAU #70.

31. Plaintiffs Jan and Pat Doe have written to the principal of their children's school, asking for assurance that the Pledge will no longer be recited in their children's classes. The principal has not provided that assurance.

32. Plaintiffs DoeChild-1, DoeChild-2 and DoeChild-3 are all students at a public school administered by Defendant HSD.

33. Plaintiffs DoeChild-1, DoeChild-2 and DoeChild-3 are all Atheists or agnostics, who specifically deny/doubt the existence of God.

34. Pursuant to RSA § 194:15-c (New Hampshire School Patriot Act), Defendants HSD, DSD and SAU #70 have their teachers and/or other government agents lead their public school students in reciting the Pledge of Allegiance during school hours.

**8**

1    35. Of note is that the Pledge of Allegiance, as codified in 4 U.S.C. § 4 (and as

2        recited by the students in HSD, DSD and SAU #70), makes the purely

3        religious claim that we are "one Nation under God."

4    36. Plaintiffs, generally, deny that God exists, and maintain that their constitutional

5        and statutory rights are abridged when the school district Defendants

6        participate in making the purely religious, Monotheistic claim that the United

7        States is "one Nation under God."

8    37. Plaintiffs all acknowledge and stipulate to the fact that none of them are or

9        have been actually compelled to say the words, "under God," in the Pledge of

10        Allegiance. Due to the setting and peer pressures, however, the three

11        DoeChildren have all been coerced.[2] Thus, they have all suffered a violation of

12        their rights to the Free Exercise of their religion (as provided both in the First

13        Amendment and in RFRA).

14    38. Additionally, they have suffered the specific harm that the Establishment

15        Clause seeks to prevent – i.e., they have been degraded from the equal rank of

16        citizens on account of their religious beliefs.[3] In other words, as a result of the

---

[2] "I think there is a clear difference between compulsion (Barnette) and coercion (Lee)." Elk Grove Unified Sch. Dist. v. Newdow, 124 S. Ct. 2301, 2328 n.4 (2004) (Rehnquist, C.J., concurring).
[3] "It degrades from the equal rank of Citizens all those whose opinions in Religion do not bend to those of the Legislative authority." Madison, James. *The writings of James Madison : comprising his public papers and his private correspondence,*

1    Defendants' endorsement of Monotheism, Plaintiffs have suffered the

2    stigmatic injury of being turned into "outsiders, not full members of the

3    political community." <u>Lynch v. Donnelly</u>, 465 U.S. 668, 688 (1984)

4    (O'Connor, J., concurring).

5    39. In addition to breaching their constitutional and statutory duties to protect

6        Plaintiffs against this harm under federal law, Defendants HSD, DSD and SAU

7        #70 have also breached their constitutional duties under Article 6 (Morality

8        and Piety) of the New Hampshire Constitution.[4]

9    40. In addition to the just-mentioned stigmatic injury of being turned into "political

10       outsiders," as a result of Defendants' acts, Plaintiffs have suffered harms

11       related to their rights of familial association laws as well.

12   41. The Doe Plaintiff parents, for instance, have had their parental rights abridged.

13   42. Specifically, the rights of the Doe Plaintiff parents to instill in their children

14       the religious beliefs they find persuasive – free from governmental influence –

15       has been abridged by Defendants' practices.

16   43. Furthermore, the respect due the Doe Plaintiff parents is tarnished as the

17       government – with its "power, prestige and financial support," <u>Engel v. Vitale</u>,

---

*including numerous letters and documents now for the first time printed.* Gaillard
Hunt, ed. 9 vols. (New York: G.P.Putnam's Sons; 1901), Vol. II, p. 188.
[4] To preclude unnecessary repetition, Article 6 (Morality and Piety) of the New
Hampshire Constitution will not be mentioned further. However, Plaintiffs assert

1    370 U.S. 421, 431 (1962) – tells their children, in essence, "Your parents'

2    religious beliefs are wrong."

3    44. In addition, the Doe Plaintiff children have their rights to acquire religious

4    upbringing by their parents, free from governmental influence, abridged as

5    well.

6    45. Plaintiffs DoeChild-1, DoeChild-2 and DoeChild-3 have all been forced to

7    confront the government's claim that this is "one Nation under God" as their

8    public school teachers have repeatedly led them and their classmates in reciting

9    the now-religious Pledge of Allegiance in their classrooms and at school

10    assemblies.

11

12    46. By endorsing the religious notion that God exists, the now-religious Pledge

13    creates a societal environment where prejudice against Atheists – and, thus,

14    against Plaintiffs here – is perpetuated. Accordingly, in addition to the Religion

15    Clause violations, the governmental use and advocacy of the now-religious

16    Pledge of Allegiance[5] violates the requirements of Equal Protection as found in

17    the Fifth and Fourteenth Amendments to the United States Constitution.

---

that each of the relevant claims made pursuant to the federal constitutional
provisions likewise apply to the State Constitution.
[5] The Pledge of Allegiance, as originally created in 1892, had no religious
component. In fact, it remained secular for sixty-two years. It wasn't until 1954

**11**

1

2    47. The above harms are especially onerous because the affirmation is made part

3        of a patriotic ritual, thus calling Plaintiffs' patriotism into question in front of

4        their neighbors and peers.

5    48. On top of all this is the fact that the procedure involves standing, facing the

6        Flag of the United States of America, and placing one's hand over one's heart.

7    49. For government to impose an adverse religious burden upon adults in such a

8        setting is unquestionably in violation of the Religion Clauses of the First

9        Amendment.

10   50. For the government to impost an adverse religious burden upon children in the

11       public schools in incomprehensible under the First Amendment's Religion

12       Clauses.

13   51. In fact, it is inevitable that children will suffer harm as a result of this practice.

14       Accordingly, Defendants actually engage in child neglect (if not child abuse).[6]

15

---

that, pursuant to an act of Congress that did nothing but add the phrase, "under
God," purely religious dogma became part of its message.
Act of June 14, 1954, ch. 297, § 7, 68 Stat. 249.
[6] 42 U.S.C. § 5106g(2) states, "[T]he term 'child abuse and neglect' means, at a
minimum, any recent act or failure to act on the part of a ... caretaker, which results
in ... serious physical or emotional harm ... or an act or failure to act which presents
an imminent risk of serious harm."

52. Plaintiffs Jan and Pat Doe are the owners of real property located in Hanover, and pay the associated local property taxes. A portion of those taxes go to the HSD, DSD and SAU #70. They earn income in New Hampshire, and pay the associated federal and state income taxes. They purchase items in New Hampshire and pay the associated federal and state sales taxes.

53. Some of the federal tax dollars paid by Plaintiffs and utilized in connection with Defendants' maintenance and utilization of the Pledge of Allegiance are apportioned under the taxing and spending clause of Article I, Section 8 of the Constitution of the United States.

54. Portion of these tax dollars are used to fund the Pledge (with its espousal of Monotheism).

55. For instance, some of Plaintiffs' tax dollars are used to directly fund the governmental agents who lead the students (including the three DoeChildren here) and others in recitations of the now-religious Pledge.

56. Additionally, numerous federal, state and local governmental employees – using governmental facilities – recite the now-sectarian Pledge of Allegiance while being paid from the government coffers. These employees include, but are not limited to, members of Defendant Congress (including members of both the House of Representatives and the Senate), and the school board members and teachers of HSD.

**13**

57. The recitation of the now-sectarian Pledge of Allegiance by any of the above-referenced governmental employees while performing their duties involves the use of Plaintiffs tax monies in an expression of religious belief as prohibited by the First Amendment.

58. These tax moneys are also used to perpetuate the notion that "real Americans" believe in God, and those who do not believe in God are second-class citizens, to be "tolerated" by our society.

59. That these tax moneys are also used in the education of the schoolchildren of Hanover, of New Hampshire, and of the Nation is especially egregious. The repeated recitation of the now-sectarian Pledge of Allegiance indoctrinates schoolchildren – including the Plaintiff children here – with the religious dogmas that (a) there exists a god, and that (b) we are "one Nation under God."

60. Federal tax money is also used for the printing and distribution of the United States Code (including 4 U.S.C. § 4) as well as pamphlets, etc., that contain the Pledge of Allegiance.

61. Federal, State and County tax moneys are used when the Pledge is recited at federal, state and county governmental functions.

1  62. Federal tax money is also used to support the "Pause for the Pledge of

2      Allegiance" (Pub. L. 99 Stat. 97) annual festivities.[7]

3  63. The preceding examples show that Plaintiffs' tax monies are used for

4      governmental functions designed to bolster the use and status of the Pledge of

5      Allegiance to the Flag, including its religious claim that there exists a God and

6      that we exist under that God. The taking by the government of Plaintiffs' (and

7      the rest of the citizenry's) personal wealth to place the government's

8      imprimatur on religious beliefs to which those Plaintiffs do not adhere is a

9      violation of both the Establishment and Free Exercise clauses.

10

11 64. By interlarding the Pledge of Allegiance with the purely religious words,

12     "under God," the Congress of the United States – by passing the Act of 1954 –

13     has violated the Establishment Clause of the First Amendment to the Federal

14     Constitution.

15

16 65. Congress has also violated RFRA. The Free Exercise of religion for each

17     Plaintiff is "substantially burdened" when government requires an affirmation

---

[7] Sponsored by The National Flag Day Foundation, this event involves the participation of thousands of Maryland school children, a high school choir, use of governmental buildings, a concert given by the 229th Maryland Army National Guard band, and a "Fly-over" by the A-10 "Thunderbolt" jets of the 104th Fighter

1    of religious belief (contrary to each Plaintiff's religious beliefs) in order to

2    exercise their rights as citizens to join with their neighbors in reciting the

3    Nation's Pledge of Allegiance to the Flag.

4    66. As the ultimate party responsible for upholding the Constitution, Defendant

5    United States of America has violated its duty to protect Plaintiffs'

6    fundamental liberties by permitting the Congress to further (Christian)

7    Monotheistic dogma.

8    67. By requiring that its public schools use the Pledge of Allegiance (with the

9    purely religious words, "under God") as a patriotic exercise, Defendants HSD,

10    DSD and SAU #70 – by following RSA § 194:15-c (New Hampshire School

11    Patriot Act) – have violated the Establishment and Free Exercise Clauses of the

12    First Amendment to the Federal Constitution; and Article 6 of the New

13    Hampshire Constitution (requiring that "no subordination of any one sect,

14    denomination or persuasion to another shall ever be established").

15    68. Similarly, HSD, DSD & SAU #70 have violated RSA 169-D:23, which states,

16    in pertinent part, that "No child under the supervision of any state institution

17    shall be denied the free exercise of his religion or that of his parents." One

18    cannot freely exercise Atheism when being coerced to countenance the notion

19    that his own land is "one Nation under God."

---

Squadron 175th Wing Maryland Air National Guard. The estimated cost to

**16**

69. In other words, both the Federal and the School District Defendants have violated the rights of each of the Plaintiffs to have their government and its agents:

    (1) Remain neutral with respect to religion, so that their religious beliefs are afforded the same respect as others,

    (2) Not have rules that have religious effects, so that their religious beliefs are not shown disrespect,

    (3) Not turn them into "political outsiders" based on their religious beliefs,

    (4) Not endorse religious ideas, so that their religious ideas are not denigrated,

    (5) Not indoctrinate them with any religious dogma, much less dogma with which they disagree,

    (6) Not coerce them to unwillingly confront religious doctrine,

    (7) Not place the given school's imprimatur upon religious ideals with which they disagree, and

    (8) Not spend their tax dollars to further religious ideals with which they disagree.

70. It should be noted that Plaintiffs are making no objection to the recitation of a patriotic Pledge of Allegiance. The government is certainly within its right to foster patriotism, and it may certainly make the determination that recitation of a Pledge of Allegiance serves that purpose. However, government may not employ or include sectarian religious dogma towards this end.

71. In addition to its constitutional infirmities, the placement of the words "under God" into the Pledge of Allegiance is void as against public policy. The very purpose of the Pledge of Allegiance to the Flag – as can be appreciated from its

---

taxpayers of the Fly-over, alone, is on the order of $10,000.00.

1       legislative history – is to provide a means of demonstrating patriotism and

2       engendering national unity. By placing the religious words "under God" into

3       the Pledge, Congress not only interfered with the patriotism and national unity

4       the Pledge was meant to engender, but it actually fostered divisiveness ... in a

5       manner expressly forbidden by the Constitution.

6

**18**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

I.    To declare that Congress, in passing the Act of 1954, violated the Establishment and Free Exercise Clauses of the United States Constitution;

II.    To declare that by including "under God" in the Pledge of Allegiance to the Flag of the United States of America, 4 U.S.C. § 4 violates the Establishment and Free Exercise Clauses of the First Amendment, the Equal Protection component of the Fifth Amendment, and RFRA;

III.    To declare that by having their agents leading Plaintiffs and their peers in reciting the Pledge of Allegiance, HSD, DSD, and SAU #70 violate the Establishment and Free Exercise Clauses of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, RFRA, Article 6 of the New Hampshire Constitution, New Hampshire RSA § 194:15-c , and RSA § 169-D:23.

IV.    To demand that Defendant the Congress of the United States of America immediately act to remove the words "under God" from the Pledge of Allegiance to the Flag as now written in 4 U.S.C. § 4;

V.    To demand the Defendant United States of America act to ensure compliance with the noble principles of the Religions Clauses of the First

**19**

1   Amendment and use its power to remove the words "under God" from the

2   United States Code as now written in 4 U.S.C. § 4;

3   VI.   To demand that Defendants HSD, DSD, and SAU #70 cease and desist in

4   using the now-sectarian Pledge of Allegiance in the public schools within its

5   jurisdictions;

6   VII.   To allow Plaintiffs to recover costs, expert witness fees, attorney fees, etc. as

7   may be allowed by law; and

8   VIII.   To provide such other and further relief as the Court may deem proper.

9
10
11
12   Respectfully submitted,

13
14   /s/ - Michael Newdow                    /s/ - Rosanna Fox

15
16   Michael Newdow, *pro hac vice*[8]        Rosanna Fox, NH SBN: 17693
17   Counsel for Plaintiffs                   O'Brien Law Firm, P.C.
18   PO Box 233345                            One Sundial Avenue, #510
19   Sacramento  CA  95823                    Manchester, NH  03103
20
21   Phone:   (916) 427-6669                  Phone:   (603) 627-3800
22
23   E-mail:   NewdowLaw@cs.com               E-mail:   rosief13@comcast.net
24
25
26   October 31, 2007
27
28
29

_____

[8] Application pending.

**20**