Michael Newdow, *pro hac vice*
PO Box 233345
Sacramento, CA  95823
(916) 427-6669

Rosanna Fox, NH SBN: 17693
O'Brien Law Firm P.C.
One Sundial Avenue, Fifth Floor
Manchester, NH  03103
(603) 627-3800

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**Civil Action No. 1:07-cv-356-JM**

THE FREEDOM FROM RELIGION FOUNDATION;
JAN DOE AND PAT DOE, PARENTS; DOECHILD-1, DOECHILD-2 and
DOECHILD-3, MINOR CHILDREN;

                                                Plaintiffs,

v.

THE CONGRESS OF THE UNITED STATES OF AMERICA;
THE UNITED STATES OF AMERICA;
THE HANOVER SCHOOL DISTRICT ("HSD");
THE DRESDEN SCHOOL DISTRICT ("DSD");
SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70");

                                                Defendants.

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Pursuant to case law[1] and Rule 26(a)(1)[2] of the Federal Rules of Civil Procedure, Plaintiffs move to have the Court enter a protective order that protects the true identity of the Plaintiffs (other than the Freedom From Religion Foundation ("FFRF")). Submitted herewith in support of this Motion is a stipulated Protective Order agreed to by counsel for each party, and a Memorandum in support of this Motion.

Respectfully submitted,

| /s/ - Michael Newdow | /s/ - Rosanna Fox |
|---|---|
| Michael Newdow, *pro hac vice* | Rosanna Fox, NH SBN: 17693 |
| Counsel for Plaintiffs | O'Brien Law Firm, P.C. |
| PO Box 233345 | One Sundial Avenue, #510 |
| Sacramento  CA  95823 | Manchester, NH  03103 |
| Phone:   (916) 427-6669 | Phone:   (603) 627-3800 |
| E-mail:   NewdowLaw@gmail.com | E-mail:   rosief13@comcast.net |

January 8, 2008

---

[1] *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).
[2] Fed. R. Civ. P. Rule 26(a)(1)(A) states that disclosures must be made "[e]xcept as … ordered by the court."

Michael Newdow, *pro hac vice*
PO Box 233345
Sacramento, CA  95823
(916) 427-6669

Rosanna Fox, NH SBN: 17693
O'Brien Law Firm P.C.
One Sundial Avenue, Fifth Floor
Manchester, NH  03103
(603) 627-3800

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

### Civil Action No. 1:07-cv-356-JM

THE FREEDOM FROM RELIGION FOUNDATION;
JAN DOE AND PAT DOE, PARENTS; DOECHILD-1, DOECHILD-2 and DOECHILD-3, MINOR CHILDREN;

                              Plaintiffs,

v.

THE CONGRESS OF THE UNITED STATES OF AMERICA;
THE UNITED STATES OF AMERICA;
THE HANOVER SCHOOL DISTRICT ("HSD");
THE DRESDEN SCHOOL DISTRICT ("DSD");
SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70");

                              Defendants.

### STIPULATED PROTECTIVE ORDER

Plaintiffs THE FREEDOM FROM RELIGION FOUNDATION ("FFRF"), JAN DOE, PAT DOE, DOECHILD-1, DOECHILD-2 and DOECHILD-3, by and through their undersigned counsel; Defendants THE CONGRESS OF THE UNITED STATES OF AMERICA, THE UNITED STATES OF AMERICA, THE HANOVER SCHOOL DISTRICT ("HSD"), THE DRESDEN SCHOOL DISTRICT ("DSD"), SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70"), by and through their undersigned counsel; and planned Intervenor-Defendant THE STATE OF NEW HAMPSHIRE, by and through its undersigned counsel; hereby stipulate as follows:

(1) The true identities of the Plaintiffs, except that of Plaintiff FFRF, will be protected from disclosure through the discovery process and in pleadings filed in this case and will be kept confidential. (Hereinafter, "Plaintiffs" means all Plaintiffs in this action except Plaintiff FFRF.) The identities of the Plaintiffs and any documents that reveal their identities as Plaintiffs will be deemed "confidential information" for purposes of this stipulation. However, this stipulation does not address whether Plaintiffs must be present in person at depositions, open court hearings or whether their identities will be required to be disclosed at trial. That issue will be discussed by the parties at a later date.

(2) In conjunction with the Parties entering into this stipulation, the true identities of Plaintiffs shall be disclosed to defense counsel (if requested) for the purpose of obtaining information necessary to defend the case, including but not limited to, residency status, taxpayer status, custody/guardianship status or school enrollment status of Plaintiffs.

(3) No Confidential information produced by any party shall be used for any purpose other than the litigation of this case.

(4) There shall be no disclosure of confidential information to anyone other than the following:

    (a) The parties to the case, including their current employees or agents who have a reasonable need to know the confidential information;
    (b) The parties' attorneys and all attorneys affiliated with the respective parties, and the attorneys' staff;
    (c) Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case;
    (d) Employees of the insurance companies or claims administrators that insure any of the Defendants and/or oversee the litigation;
    (e) Any persons responsible for storing or maintaining the parties' case files at the conclusion of the case; and
    (f) The court or any other officer who presides over any proceeding in the case, and to court reporters as necessary.

(5) In filing documents with the Court, confidential information may be used in court if the documents are filed under seal.

(6) Disclosure:

    (a) A request to a party for authorization to disclose confidential information, other than as permitted herein, shall identify the information for which disclosure is sought, shall identify the person or entity to whom disclosure is proposed, shall state the reasons why disclosure is necessary or appropriate, and shall be made in writing to counsel for the other party(s). Counsel for the party(s) shall respond in writing to the request within a reasonable time. If there is no objection to the request for disclosure, the identified confidential information may be disclosed to the person or entity previously identified. If the designating party denies authorization for disclosure of identified documents, no such disclosure shall be made unless, after application to the court, the court so orders.
    (b) Any person to whom confidential information is disclosed shall be advised of the confidential nature of the information and instructed that the information is to be kept confidential. All individuals should be advised that unauthorized disclosure of confidential information may subject them to a potential contempt citation.

(7) This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all of the parties who agree to this stipulation.

(8) Any party for good cause may apply to the court to obtain further protection than that provided by the process of filing documents under seal.

(9) The party designating information as confidential may waive any of the provisions of this Stipulated Protective Order in writing.

(10) This Stipulated Protective Order shall continue to be binding after the conclusion of this action.

(11) Nothing contained herein shall preclude any party to the Stipulation from seeking to secure from the Court greater protection for particular information or for relief from the Stipulation if such is deemed to be necessary by the Party.

(12) Nothing in this Stipulated Protective Order shall prevent disclosure of confidential information as required by law or as compelled by any Court.

DATED: January 8, 2008

/s/ - Michael A. Newdow
Attorney for Plaintiffs THE FREEDOM FROM RELIGION FOUNDATION, JAN DOE, PAT DOE, DOECHILD-1, DOECHILD-2 and DOECHILD-3.

/s/ - Eric B. Beckenhauer
Attorney for Defendants THE CONGRESS OF THE UNITED STATES OF AMERICA and THE UNITED STATES OF AMERICA.

/s/ - David Bradley
Attorney for Defendants THE HANOVER SCHOOL DISTRICT, THE DRESDEN SCHOOL DISTRICT and SCHOOL ADMINISTRATIVE UNIT 70.

/s/ - Nancy J. Smith
Attorney for planned Intervenor-Defendant THE STATE OF NEW HAMPSHIRE.

# **ORDER**

**IT IS SO ORDERED:**


DATED: _____                    /s/ - C.J. McAuliffe
                                                    U.S. District Judge
                                                    United States District Court

| | |
|---|---|
| Michael Newdow, *pro hac vice* <br> PO Box 233345 <br> Sacramento, CA  95823 <br> (916) 427-6669 <br><br> Rosanna Fox, NH SBN: 17693 <br> O'Brien Law Firm P.C. <br> One Sundial Avenue, Fifth Floor <br> Manchester, NH  03103 <br> (603) 627-3800 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Civil Action No. 1:07-cv-356-JM**

THE FREEDOM FROM RELIGION FOUNDATION;
JAN DOE AND PAT DOE, PARENTS; DOECHILD-1, DOECHILD-2 and
DOECHILD-3, MINOR CHILDREN;

                                                                                                    Plaintiffs,

v.

THE CONGRESS OF THE UNITED STATES OF AMERICA;
THE UNITED STATES OF AMERICA;
THE HANOVER SCHOOL DISTRICT ("HSD");
THE DRESDEN SCHOOL DISTRICT ("DSD");
SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70");

                                                                                                     Defendants.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER

Plaintiffs, through counsel, submit this Memorandum in Support of Plaintiffs' Motion for Protective Order.

## BACKGROUND

This lawsuit has been filed with pseudonyms, rather than true names, for all Plaintiffs except Freedom From Religion Foundation ("FFRF"). As alleged in the Complaint, these pseudonymous Plaintiffs are all residents and citizens of Hanover, New Hampshire. This case involves objections to the use of the words, "under God," in the Pledge of Allegiance as recited in the public schools. Each of the pseudonymous Plaintiffs is a minor child enrolled in a public school where the Pledge is recited, or the parent of such a child. It is believed that disclosure of the actual and true names of either the children or their parents will subject the minor children (and their parents) to potential harm.

## LAW AND ARGUMENT

"Judicial proceedings are supposed to be open … in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Nonetheless, "[t]he presumption that parties' identities are public information, and the possible

prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff … exceeds the likely harm from concealment. Id. In other words:

> In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, see Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.

*Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

It should initially be noted that the United States Supreme Court has permitted pseudonymous filings in precisely this type of litigation. *Santa Fe Independent School District v. Doe*, 530 U.S. 290 (2000) (parents individually and as "next friends" to their children challenged prayers at public high school football games).[1] This Court has the authority in its discretion to enter a protective order to control discovery and protect the rights of the parties. *Doe v. Porter*, 370 F.3d 558, 560-561 (6th Cir. 2004) (upholding lower court's grant of protective order allowing the use of pseudonyms in challenge to religious instruction in schools); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (reversing lower court's denial of protective order allowing for pseudonyms. The *Stegall* court noted that "religion is perhaps the

---

[1] Subsequently, the high Court decided a case involving a pseudonymous filing where the justification appears to be nowhere near as compelling as in the instant action. In *City of San Diego v. Roe*, 543 U.S. 77 (2004), a police officer who was

quintessentially private matter," and that the plaintiffs' disclosures about their religion "have invited an opprobrium analogous to the infamy associated with criminal behavior." *Id.*, at 186).

This Circuit has indicated that pseudonymous filings can be appropriate even when the plaintiffs are adults. *Brown v. Secretary of Health & Human Servs.*, 46 F.3d 102, 105 (n.5) (1st Cir. 1995) (where "[t]he district court granted named plaintiffs leave to use pseudomyms in order to protect their privacy," apparently due solely to the plaintiffs having low income, necessitating AFDC benefits.) When children are involved, the need for protection is obviously greater. In fact, this was discussed relative to a statutory prohibition in *United States v. Three Juveniles*, 61 F.3d 86 (1st Cir. 1995).

A sister circuit has looked at this matter in some detail. Holding "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," *Advanced Textile*, 214 F.3d at 1068, the Ninth Circuit found three factors to be of consequence:

> [I]n cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation.

---

terminated from his job because of sexually explicit videotapes he had made was permitted to file pseudonymously.

*Id*. In the instant case, the evaluation of those factors demonstrates that need. Even the mildest threatened harm – harassment of children in the public schools – warrants the requested relief. Additionally – as the attached Exhibits show – the fears are reasonable, and each of the children (and each adult) is vulnerable to the harms.

Exhibit A pertains to Joann Bell, a parent who had three children enrolled in a public school district. Ms. Bell filed a federal lawsuit to stop school-sponsored prayer meetings. She has written:

> After I filed the lawsuit, my family and I received numerous threatening telephone calls and letters. These threats promised physical harm and even death to my family members and me as a result of my involvement as a plaintiff in the lawsuit. Many of the telephone calls told me that our home would be burned. I could not even perform such simple tasks as shopping for groceries in the community without being confronted by other persons about the lawsuit.

Additionally, when she responded to a bomb threat at her children's school, "several school employees circled the car. One of the employees grabbed me by the hair of the head and battered my head against the frame of the car's door." After the family's home "was burned in a fire of suspicious origin," the family moved from the school district "motivated by a grave concern for the safety of our family." Exhibit A.

Megan Black – a third grader – was grabbed and yanked by her public school teacher for not reciting the now-religious Pledge of Allegiance. This was followed

by more than two years of taunts and harassment by her fellow students, which did not end until she changed schools. Exhibit B.

Bailey Wood was pushed up against a building by a classmate who made the sign of the cross, was called a "monkey" because she believed in evolution, and was called "stupid" because she didn't believe in God. This apparently all stemmed from the fact that her atheism was exposed when she didn't say the words, "under God," in the Pledge. Exhibit C.

"I dreaded the first day of school each and every year," writes Abigail Schweter, because her not saying the Pledge as a child resulted in her being "ostracized" and risked a "confrontation with the teacher." Exhibit D.

Ellen Janowitz was "frequently ridiculed in front of the class" by her teacher, because she could not, in good conscience, recite the entire Pledge. At age 15, she suffered "stares and silence of my fellow students [that] were excruciating [and] are still painful to recall" twenty years later. Exhibit E.

A book written by Professor Frank Ravitch of the Michigan State University College of Law details numerous other cases involving religious outsiders.[2] For instance, the Herdahls were a Lutheran family in a Southern Baptist Mississippi town. When the Herdahl children did not participate in "decidedly Southern Baptist" public school prayers, they were harassed by "[b]oth teachers and

students." When the family filed suit to stop this clearly unlawful practice, "the harassment got even worse. Her family received bomb threats. She received a death threat, and the name calling and ridicule worsened."[3]

A second story recounted by Professor Ravitch concerned individuals in Alabama. The Herrings were "a Jewish family whose children had been subjected to severe religious discrimination and harassment in school." The children "were physically assaulted by classmates because of their religion; swastikas were drawn on their lockers, bookbags, and jackets; and they were regularly taunted by the other children." The mother, in a sworn statement to the Court, stated:

> Every day that I send my children to Pike County schools, I wonder if I am sending them into a war zone. … The consequences of the school environment on my children's psyches are devastating. My children are growing up believing that America is a caste society and they are untouchables – except for the purpose of getting beaten up. One child suffered "serious nightmares."[4]

"Rachel Bauchman, a Jewish high school student, objected to overtly religious songs, which were sung at high school graduations by the high school choir of which she was a member. … Rachel obtained a court order prohibiting the graduation songs. However, at the urging of parents and some students, the choir performed one of the religious songs anyway. … When Rachel and her mother got

---

[2] Ravitch FS. *School Prayer and Discrimination: The Civil Rights of Religious Minorities and Dissenters.* (Northeastern University Press: Boston, 2001).
[3] Id., at 8-9.
[4] Id., at 9-11.

up to leave – Rachel in tears – parents and students in the audience jeered and spat on them."[5]

The proposed ORDER provides Defendants with adequate means of ascertaining the residency status, taxpayer status, or school enrollment status of the Plaintiffs. Discovery, if needed, can also be accomplished under the proposed ORDER while preserving Defendants' rights.

## CONCLUSION

Good cause having been shown, Plaintiffs respectfully request that the Court preserve the anonymity of the Plaintiffs by entering a protective order.

Respectfully submitted,

| /s/ - Michael Newdow | /s/ - Rosanna Fox |
|---|---|
| Michael Newdow, *pro hac vice* | Rosanna Fox, NH SBN: 17693 |
| Counsel for Plaintiffs | O'Brien Law Firm, P.C. |
| PO Box 233345 | One Sundial Avenue, #510 |
| Sacramento  CA  95823 | Manchester, NH  03103 |
| Phone:   (916) 427-6669 | Phone:   (603) 627-3800 |
| E-mail:  NewdowLaw@gmail.com | E-mail:  rosief13@comcast.net |

January 8, 2008

---

[5] Id., at 11-12.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**CERTIFICATE OF SERVICE**

**Civil Action No. 1:07-cv-356-JM**

**Freedom From Religion Foundation v. U.S. Congress**

I HEREBY CERTIFY that a true and correct copies of

(1) PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2) STIPULATED PROTECTIVE ORDER
(3) MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(4) EXHIBITS ACCOMPANYING MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

were provided by electronic service to the Clerk of the Court via CM/ECF on this 8th day of January, 2008. Uncertain at this time as to whether or not the Clerk is forwarding material to the following email addresses, email notification was also provided directly to:

United States Defendants: eric.beckenhauer@usdoj.gov

School District Defendants: dbradley@stebbinsbradley.com

State of New Hampshire: Nancy.Smith@doj.nh.gov

January 8, 2008                           /s/ Michael Newdow

                                          Michael Newdow
                                          PO Box 233345
                                          Sacramento  CA  92823
                                          916-427-6669

                                          NewdowLaw@gmail.com