Michael Newdow, *pro hac vice*
PO Box 233345
Sacramento, CA  95823
(916) 427-6669

Rosanna Fox, NH SBN: 17693
O'Brien Law Firm P.C.
One Sundial Avenue, Fifth Floor
Manchester, NH  03103
(603) 627-3800

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Civil Action No. 1:07-cv-356-JM**

THE FREEDOM FROM RELIGION FOUNDATION;
JAN DOE AND PAT DOE, PARENTS; DOECHILD-1, DOECHILD-2 and DOECHILD-3, MINOR CHILDREN;

                                                    Plaintiffs,

v.

THE CONGRESS OF THE UNITED STATES OF AMERICA;
THE UNITED STATES OF AMERICA;
THE HANOVER SCHOOL DISTRICT ("HSD");
THE DRESDEN SCHOOL DISTRICT ("DSD");
SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70");

                                                    Defendants.

**STIPULATED PROTECTIVE ORDER**

Plaintiffs THE FREEDOM FROM RELIGION FOUNDATION ("FFRF"), JAN DOE, PAT DOE, DOECHILD-1, DOECHILD-2 and DOECHILD-3, by and through their undersigned counsel; Defendants THE CONGRESS OF THE UNITED STATES OF AMERICA, THE UNITED STATES OF AMERICA, THE HANOVER SCHOOL DISTRICT ("HSD"), THE DRESDEN SCHOOL DISTRICT ("DSD"), SCHOOL ADMINISTRATIVE UNIT 70 ("SAU #70"), by and through their undersigned counsel; and planned Intervenor-Defendant THE STATE OF NEW HAMPSHIRE, by and through its undersigned counsel; hereby stipulate as follows:

(1) The true identities of the Plaintiffs, except that of Plaintiff FFRF, will be protected from disclosure through the discovery process and in pleadings filed in this case and will be kept confidential. (Hereinafter, "Plaintiffs" means all Plaintiffs in this action except Plaintiff FFRF.) The identities of the Plaintiffs and any documents that reveal their identities as Plaintiffs will be deemed "confidential information" for purposes of this stipulation. However, this stipulation does not address whether Plaintiffs must be present in person at depositions, open court hearings or whether their identities will be required to be disclosed at trial. That issue will be discussed by the parties at a later date.

(2) In conjunction with the Parties entering into this stipulation, the true identities of Plaintiffs shall be disclosed to defense counsel (if requested) for the purpose of obtaining information necessary to defend the case, including but not limited to, residency status, taxpayer status, custody/guardianship status or school enrollment status of Plaintiffs.

(3) No Confidential information produced by any party shall be used for any purpose other than the litigation of this case.

(4) There shall be no disclosure of confidential information to anyone other than the following:

    (a) The parties to the case, including their current employees or agents who have a reasonable need to know the confidential information;
    (b) The parties' attorneys and all attorneys affiliated with the respective parties, and the attorneys' staff;
    (c) Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case;
    (d) Employees of the insurance companies or claims administrators that insure any of the Defendants and/or oversee the litigation;
    (e) Any persons responsible for storing or maintaining the parties' case files at the conclusion of the case; and
    (f) The court or any other officer who presides over any proceeding in the case, and to court reporters as necessary.

(5) In filing documents with the Court, confidential information may be used in court if the documents are filed under seal.

(6) Disclosure:

    (a) A request to a party for authorization to disclose confidential information, other than as permitted herein, shall identify the information for which disclosure is sought, shall identify the person or entity to whom disclosure is proposed, shall state the reasons why disclosure is necessary or appropriate, and shall be made in writing to counsel for the other party(s). Counsel for the party(s) shall respond in writing to the request within a reasonable time. If there is no objection to the request for disclosure, the identified confidential information may be disclosed to the person or entity previously identified. If the designating party denies authorization for disclosure of identified documents, no such disclosure shall be made unless, after application to the court, the court so orders.
    (b) Any person to whom confidential information is disclosed shall be advised of the confidential nature of the information and instructed that the information is to be kept confidential. All individuals should be advised that unauthorized disclosure of confidential information may subject them to a potential contempt citation.


(7) This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all of the parties who agree to this stipulation.

(8) Any party for good cause may apply to the court to obtain further protection than that provided by the process of filing documents under seal.

(9) The party designating information as confidential may waive any of the provisions of this Stipulated Protective Order in writing.

(10) This Stipulated Protective Order shall continue to be binding after the conclusion of this action.

(11) Nothing contained herein shall preclude any party to the Stipulation from seeking to secure from the Court greater protection for particular information or for relief from the Stipulation if such is deemed to be necessary by the Party.

(12) Nothing in this Stipulated Protective Order shall prevent disclosure of confidential information as required by law or as compelled by any Court.

DATED: January 22, 2008

/s/ - Michael A. Newdow
Attorney for Plaintiffs THE FREEDOM FROM RELIGION FOUNDATION, JAN DOE, PAT DOE, DOECHILD-1, DOECHILD-2 and DOECHILD-3.

/s/ - Eric B. Beckenhauer
Attorney for Defendants THE CONGRESS OF THE UNITED STATES OF AMERICA and THE UNITED STATES OF AMERICA.

/s/ - David Bradley
Attorney for Defendants THE HANOVER SCHOOL DISTRICT, THE DRESDEN SCHOOL DISTRICT and SCHOOL ADMINISTRATIVE UNIT 70.

/s/ - Nancy J. Smith
Attorney for planned Intervenor-Defendant THE STATE OF NEW HAMPSHIRE.

# **ORDER**

**IT IS SO ORDERED:**

DATED: _____January 25, 2008_____

/s/   Steven J. McAuliffe
_____
Chief Judge
U.S. District Court