IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| THE FREEDOM FROM RELIGION FOUNDATION, *et al.* | )<br>)<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) Civil Action No. 07-356 (SM) |
| THE CONGRESS OF THE UNITED STATES OF AMERICA, *et al.* | )<br>)<br>)<br>) |
| *Defendants*, | )<br>) |
| and | )<br>) |
| MURIEL CYRUS, *et al.*, | )<br>) |
| *Defendant-Intervenors.* | )<br>) |

## PROPOSED ANSWER OF
## DEFENDANT-INTERVENORS MURIEL CYRUS, *et al.*

In Answer to Plaintiffs' Complaint of October 31, 2007 in the above-captioned matter, Anna Chobanian, John Chobanian, Kathryn Chobanian, Schuyler Cyrus, Elijah Cyrus, Rhys Cyrus, Austin Cyrus, Daniel Phan, ("Student-Intervenors"), and Michael Chobanian, Margarethe Chobanian, Muriel Cyrus, Minh Phan, Suzu Phan, ("Parent-Intervenors"), and the Knights of Columbus ("Knight-Intervenors," with Student-Intervenors and Parent-Intervenors, hereinafter "Intervenors"), deny all allegations in the Complaint not specifically admitted herein, and answer specifically the allegations contained in the numbered paragraphs of the Complaint:

    1.     Intervenors state that paragraph 1 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny that this court has

1

jurisdiction.

     2.     Intervenors state that paragraph 2 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny that this court has jurisdiction.

     3.     Intervenors state that paragraph 3 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny that this court has jurisdiction.

     4.     Intervenors state that paragraph 4 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny that this court has jurisdiction.

     5.     Intervenors state that paragraph 5 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny that this court has jurisdiction.

     6.     Intervenors state that paragraph 6 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

     7.     Intervenors state that paragraph 7 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

     8.     Intervenors admit that Defendants Hanover School District, Dresden School District and School Administrative Unit 70 are located in New Hampshire. Intervenors deny the remaining allegations in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Intervenors deny the allegations in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Intervenors deny the allegations in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Intervenors deny the allegations in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Intervenors state that paragraph 12 contains conclusions of law to which Intervenors are not required to plead. Intervenors deny that Art. I, Section 1 of the Constitution is the only grant of Congressional power. Intervenors admit that Congress is a branch of government of the United States of America and that some of Congress' legislative powers are granted by Article I, Section 1 of the United States Constitution.

13. Admitted.

14. Intervenors state that paragraph 14 contains conclusions of law to which Intervenors are not required to plead. Intervenors admit that Bernice Ray School is a school within the Hanover School District and SAU #70. Intervenors deny the remaining allegations in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Intervenors state that paragraph 15 contains conclusions of law to which Intervenors are not required to plead. Intervenors admit that the Richmond Middle School and Hanover High School are schools within the Dresden School District and SAU #70. Intervenors deny the remaining allegations in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Intervenors state that paragraph 16 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors

admit that Plaintiffs correctly quote parts of the First Amendment to the Constitution, and otherwise deny the allegations.

17. Intervenors state that paragraph 17 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Plaintiffs correctly quote parts of the Fifth Amendment to the Constitution, and otherwise deny the allegations.

18. Intervenors state that paragraph 18 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Plaintiffs correctly quote parts of the Fourteenth Amendment to the Constitution, and otherwise deny the allegations.

19. Intervenors state that paragraph 19 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Plaintiffs correctly quote parts of Art. VI of the New Hampshire Constitution, and otherwise deny the allegations.

20. Intervenors state that paragraph 20 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Plaintiffs correctly quote the Pledge of Allegiance to the Flag as stated in 4 U.S.C. § 4.

21. Intervenors state that paragraph 21 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Plaintiffs correctly quote portions of 42 U.S.C. §§ 2000bb *et seq.*, and otherwise deny the allegations.

22. Intervenors state that paragraph 22 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors

admit that Plaintiffs correctly quote RSA § 194:15-c, and otherwise deny the allegations.

23. Intervenors state that paragraph 23 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Plaintiffs correctly quote portions of RSA § 169-D:23, and otherwise deny the allegations.

24. Intervenors deny the allegations of injury in paragraph 24 and deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

25. Intervenors deny the allegations in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Intervenors deny the allegations in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Intervenors deny the allegations in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Intervenors deny the allegations in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Intervenors deny the allegations in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Intervenors admit that, at certain times, the Pledge of Allegiance is recited at Hanover High School and Richmond Middle School, which are in the Dresden School District and SAU #70, and Bernice Ray School, which is in the Hanover School District and SAU #70. Intervenors deny the remaining allegations in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Intervenors deny the allegations in paragraph 31 for lack of knowledge or

information sufficient to form a belief as to their truth.

32. Intervenors deny the allegations in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Intervenors deny the allegations in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Intervenors state that paragraph 34 contains descriptive material and conclusions of law to which Intervenors are not required to plead. Intervenors admit that, at certain times, the Pledge of Allegiance is recited at Hanover High School and Richmond Middle School, which are in the Dresden School District and SAU #70, and Bernice Ray School, which is in the Hanover School District and SAU #70. Intervenors deny the remaining allegations in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Denied.

36. Intervenors state that paragraph 36 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny Plaintiffs' allegations concerning what Plaintiffs "deny" or "maintain" for lack of information sufficient to form a belief as to their truth. Intervenors deny the remaining allegations.

37. Intervenors admit that none of the Plaintiffs "are or have been actually compelled to say the words, 'under God.' In the Pledge of Allegiance." Intervenors state that paragraph 37 contains conclusions of law to which Intervenors are not required to plead. Intervenors deny the remaining allegations.

38. Intervenors state that paragraph 38 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors

deny the allegations.

39. Intervenors state that paragraph 39 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

40. Intervenors state that paragraph 40 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

41. Intervenors state that paragraph 41 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

42. Intervenors state that paragraph 42 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

43. Intervenors state that paragraph 43 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

44. Intervenors state that paragraph 44 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

45. Intervenors admit that, at certain times, the Pledge of Allegiance is recited at Hanover High School and Richmond Middle School, which are in the Dresden School District and SAU #70, and Bernice Ray School, which is in the Hanover School District and SAU #70. Intervenors deny the remaining allegations in paragraph 45.

46. Intervenors state that paragraph 46 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Congress passed an Act on June 14, 1954, Pub. L. No. 396, 68 Stat. 249, that amended the Pledge to include the phrase "under God." Intervenors deny the remaining allegations.

47. Denied.

48. Intervenors admit that citizens typically stand during the recitation of the Pledge of Allegiance and face the flag, and that civilians often place a hand over their heart, but deny Plaintiffs' insinuation that anyone is compelled to do any of the above actions. Intervenors deny the remaining allegations of paragraph 48.

49. Intervenors state that paragraph 49 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

50. Intervenors state that paragraph 50 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations.

51. Denied.

52. Intervenors deny the allegations in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Intervenors state that paragraph 53 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations in paragraph 53 concerning whether Plaintiffs pay taxes or what their taxes (if paid) are used for for lack of knowledge or information sufficient to form a belief as to their truth. Intervenors deny the remaining allegations.

54.　Intervenors deny the allegations in paragraph 54 concerning whether Plaintiffs pay taxes or what their taxes (if paid) are used for for lack of knowledge or information sufficient to form a belief as to their truth.  Intervenors deny the remaining allegations.

55.　Intervenors deny the allegations in paragraph 55 concerning whether Plaintiffs pay taxes or what their taxes (if paid) are used for for lack of knowledge or information sufficient to form a belief as to their truth.  Intervenors deny the remaining allegations.

56.　Intervenors admit that federal, state and local government employees, including members of Congress, are not categorically barred from reciting the Pledge of Allegiance solely because they are government employees or work at government facilities.  Intervenors deny that the Pledge of Allegiance is "sectarian" and deny the remaining allegations of paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57.　Intervenors state that paragraph 57 contains conclusions of law to which Intervenors are not required to plead.  To the extent an answer is deemed required, Intervenors deny the allegations in paragraph 57 concerning whether Plaintiffs pay taxes or what their taxes (if paid) are used for for lack of knowledge or information sufficient to form a belief as to their truth.  Intervenors deny the remaining allegations.

58.　Intervenors deny the allegations in paragraph 58 concerning whether Plaintiffs pay taxes for lack of knowledge or information sufficient to form a belief as to their truth. Intervenors deny the remaining allegations.

59.　Intervenors deny the allegations in paragraph 59 concerning whether Plaintiffs pay taxes for lack of knowledge or information sufficient to form a belief as to their truth. Intervenors deny the remaining allegations.

60.　Intervenors admit that federal tax money is used for the printing and distribution

of the United States Code. Intervenors deny the allegations concerning the printing of unidentified "pamphlets, etc." for lack of knowledge or information sufficient to form a belief as to their truth. Intervenors deny the remaining allegations of paragraph 60.

61. Intervenors deny the allegations of paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62. Intervenors state that paragraph 62 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

63. Intervenors state that paragraph 63 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors deny the allegations concerning whether Plaintiffs pay taxes or (if paid) what they are used for for lack of knowledge or information sufficient to form a belief as to their truth. Intervenors deny the remaining allegations.

64. Intervenors state that paragraph 64 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that Congress passed an Act on June 14, 1954, Pub. L. No. 396, 68 Stat. 249, that amended the Pledge to include the phrase "under God." Intervenors deny the remaining allegations.

65. Intervenors state that paragraph 65 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, the allegations are denied.

66. Intervenors state that paragraph 66 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, the

allegations are denied.

67. Intervenors state that paragraph 67 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, the allegations are denied.

68. Intervenors state that paragraph 68 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, the allegations are denied.

69. Intervenors state that paragraph 69 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, the allegations are denied.

70. Intervenors admit that "the government is certainly within its right to foster patriotism, and it may certainly make the determination that recitation of a Pledge of Allegiance serves that purpose." Intervenors state that paragraph 70 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit only that the federal government may not require a "religious test . . . as a qualification to any office or public trust under the United States" under Article VI of the constitution. Intervenors deny the remaining allegations.

71. Intervenors state that paragraph 71 contains conclusions of law to which Intervenors are not required to plead. To the extent an answer is deemed required, Intervenors admit that the Pledge of Allegiance provides, among other things, a means for individuals to demonstrate patriotism and national unity. Intervenors deny the remaining allegations.

72. Intervenors state that the Complaint section entitled "PRAYER FOR RELIEF" contains conclusions of law and requests for relief to which Intervenors are not required to plead.

Intervenors deny Plaintiffs' allegations and deny that they are entitled to any relief, requested or otherwise.

## **AFFIRMATIVE DEFENSES**

74. Plaintiffs, individually and collectively, have failed to state, in whole or in part, a claim upon which relief can be granted, and so the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

75. Plaintiffs, individually and collectively, lack standing to pursue their claims and so the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

76. Plaintiffs' claims should be dismissed as they are not ripe.

Dated: January 18, 2008

Respectfully submitted,

/s/ Bradford T. Atwood _

| | |
|---|---|
| Kevin J. Hasson (*pro hac vice* pending) | Bradford T. Atwood |
| Eric C. Rassbach (*pro hac vice* pending) | New Hampshire State Bar No. 8512 |
| THE BECKET FUND FOR RELIGIOUS LIBERTY | CLAUSON ATWOOD & SPANEAS |
| 1350 Connecticut Ave., NW, Suite 605 | 10 Buck Road |
| Washington, DC 20036 | Hanover, NH 03755 |
| Telephone: (202) 955-0095 | Telephone: (603) 643-2102 |
| Email: erassbach@becketfund.org | Email: batwood@cas-law.net |
|       khasson@becketfund.org | |