IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| THE FREEDOM FROM RELIGION FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CONGRESS OF THE UNITED STATES OF AMERICA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 07-356 (SM) |

REPLY IN SUPPORT OF INTERVENOR-DEFENDANT
THE UNITED STATES OF AMERICA'S RENEWED MOTION TO DISMISS

In our renewed motion to dismiss, we established that Plaintiffs' parental and familial rights claims under the U.S. Constitution are foreclosed by the First Circuit's decision in Parker v. Hurley, 514 F.3d 87 (1st Cir. 2008), because the Pledge-recitation practices of the defendant school districts impose no cognizable burden on Plaintiffs' free exercise rights. See Dkt. No. 56-2. In their opposition, Plaintiffs conflate this analysis with a rehashing of their Establishment Clause claim, which is analytically distinct, and stubbornly deny the relevance of the Supreme Court's recognition in Elk Grove Unified School District v. Newdow, 542 U.S. 1 (2004), that daily Pledge recitation does not impair parental rights. Plaintiffs' reasoning should be rejected. Parker and Elk Grove plainly control here, and require dismissal of Plaintiffs' parental and familial rights claims.

ARGUMENT

Plaintiffs' principal response is that Parker has no application to their parental and familial rights claims because, in that case, the plaintiffs did not raise an Establishment Clause claim. See

Pls.' Opp'n at 7-8 [Dkt. No. 57]. That is irrelevant. As <u>Parker</u> explains in detail, parental and familial rights claims are properly weighed in "tandem" with free exercise claims, with the threshold constitutional question being "whether the plaintiff's free exercise is interfered with at all." <u>Parker</u>, 514 F.3d at 99 (citation omitted). Plaintiffs cite no authority for the proposition that an otherwise moribund parental or familial rights claim is revived when paired with an Establishment Clause claim, and we are aware of none. These claims are independent of one another, and the parental and familial rights claims fail under <u>Parker</u>.

Plaintiffs alternatively suggest that "dicta from <u>Parker</u>" actually support their parental and familial rights claims — specifically, they contend that the 1954 Act that added the words "under God" to 4 U.S.C. § 4 is a law "targeting" religious groups that, under <u>Employment Division v. Smith</u>, 494 U.S. 872 (1990), must be justified by a compelling interest. <u>See</u> Pls.' Opp'n at 8-9 (citing <u>Parker</u>, 514 F.3d at 96). That, too, is incorrect. As the <u>Parker</u> court explained, the <u>Smith</u> analysis applies only where, as a threshold matter, the plaintiff has demonstrated a constitutionally significant burden on his free exercise rights. <u>See</u> <u>Parker</u>, 514 F.3d at 98-99 ("[T]he level of justification the government must demonstrate . . . is irrelevant" where the plaintiffs "have not described a constitutional burden on their rights, or on those of their children."). As we have explained, there is no cognizable burden on free exercise here. <u>See</u> Dkt. No. 56-2.

Finally, Plaintiffs urge the Court to disregard the Supreme Court's recognition in <u>Elk Grove</u> that a school district's daily Pledge recitation practices did nothing to "impair[] Newdow's right to instruct his daughter in his religious views," grasping for the distinction that, in <u>Elk Grove</u>, the plaintiff was a noncustodial parent, while here, Plaintiffs are custodial parents. <u>See</u> Pls.' Opp'n at 9-11. That distinction is immaterial — and, indeed, counterintuitive. If daily Pledge recitation does not impair the rights of noncustodial parents, then <u>a fortiori</u> it does not impair the rights of custodial

2

parents, who have an even greater opportunity to counteract exposure to religiously offensive concepts by "instructing the[ir] child differently" or "plac[ing] [the concepts] in the family's moral or religious context." See Parker, 514 F.3d at 105.  Moreover, this is plainly not a distinction that the First Circuit thought meaningful in Parker, which involved custodial parents and nevertheless relied on Elk Grove for this point of law.  See id. at 105-06 (quoting Elk Grove, 542 U.S. at 16).

The remainder of Plaintiffs' opposition is largely devoted to rehashing their Establishment Clause claim — including a lengthy regurgitation of the argument that Sherman v. Community Consolidated School District 21, 980 F.2d 437 (7th Cir. 1992), cert. denied, 508 U.S. 950 (1993), which rejected a similar challenge to the Pledge of Allegiance, was wrongly decided.  Plaintiffs' Establishment Clause claim has already been fully briefed, and should be rejected for the reasons previously explained.  See Dkt. Nos. 16-2 & 42.

## CONCLUSION

For the foregoing reasons, in addition to those set forth in our opening brief [Dkt. No. 56-2] and the memoranda of law submitted in support of the Federal Defendants' Motion to Dismiss [Dkt. Nos. 16-2 & 42], the United States's renewed motion to dismiss should be granted.

Dated: January 12, 2009     Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

THOMAS P. COLANTUONO
United States Attorney

JAMES J. GILLIGAN
Assistant Director, Federal Programs Branch

  /s/ *Eric B. Beckenhauer*
ERIC B. BECKENHAUER, Cal. Bar No. 237526
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC  20530
Telephone: (202) 514-3338
Facsimile: (202) 616-8470
E-mail: eric.beckenhauer@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 12, 2009, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Michael A. Newdow and Rosanna T. Fox, counsel for the Plaintiffs; David H. Bradley, counsel for the School District Defendants; Nancy Smith, counsel for intervenor-defendant the State of New Hampshire; and Eric C. Rassbach, Kevin J. Hasson, and Bradford T. Atwood, counsel for intervenor-defendants Muriel Cyrus, et al.

              /s/ *Eric B. Beckenhauer*
              ERIC B. BECKENHAUER
              Trial Attorney
              U.S. Department of Justice