UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
The Freedom From Religion           \*
Foundation, *et al*.                \*
    Plaintiffs  \*
\*
v.                                  \*   Civil Action No. 07-cv-356-SM
\*
The United States Congress, *et al*.\*
    Defendants  \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>ASSENTED TO MOTION TO CLARIFY ORDER AND JUDGMENT BY
STATE OF NEW HAMPSHIRE</u>

NOW COMES the State of New Hampshire (hereinafter "State"), by and through counsel, New Hampshire Attorney General Michael A. Delaney, and move under Fed. R. Civ. P. 60(a) for clarification of an oversight or omission in the September 30, 2009 order (Dkt. # 60) granting the defendants motions to dismiss and the judgment entered on October 1, 2009 as follows.

    1.    The State of New Hampshire intervened in this matter as a matter of right to defend the constitutionality of a state statute.  The State's motion to dismiss was filed as Document 14 in the court's electronic docket.  Following the School District's filing of a motion to dismiss which joined the arguments previously presented by the State and the Federal Defendants, the State also filed a supplement to its motion to dismiss to Plaintiffs' Amended complaint, Docket # 53.

    2.    The court's order, Docket # 60, page 6 states that it is addressing all of the pending motions to dismiss.  However, the order and judgment fail to identify the State's Motion

to Dismiss, Docket # 14 and 53 as being granted for the same reasons as set forth in the granting of the other defendants motions.

    3.    It is believed that this omission is merely an oversight, as there is no reason stated in the order that would explain any different ruling on the State's motion.

    4.    The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.  Fed. R.Civ. P. 60(a).

    5.    This motion is filed concurrently with the First Circuit in the Appeal, Dkt. 09-2473, seeking leave of the First Circuit as required by Fed. R. Civ. P. 60(b).

    6.    All parties assent to this motion.

    7.    No memorandum of law is required as the applicable authority is contained herein.

WHEREFORE, the State Defendant Intervenor respectfully requests that the Court clarify its order and judgment to indicate that the State's motion to dismiss Dkt. 14 and 53 are granted to the same extent as the motions to dismiss by the other defendants.

    Respectfully submitted,

    STATE OF NEW HAMPSHIRE

    By its attorneys,

    MICHAEL A. DELANEY
    ATTORNEY GENERAL

/s/ Nancy J. Smith
Nancy J. Smith, Bar No. 9085
Senior Assistant Attorney General
Civil Bureau
33 Capitol Street
Concord, New Hampshire  03301-6397
(603) 271-1227
nancy.smith@doj.nh.gov

Certification

November 2, 2009

    I hereby certify that a copy of the foregoing document was filed electronically and served electronically by operation of the Court's electronic filing system to all counsel of record.

/s/ Nancy J. Smith
Nancy J. Smith

411663.njs